**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GAIL JOHNSON**<br><br>**v.**<br><br>**RICHARD V. SPENCER, SECRETARY, U.S. DEPARTMENT OF THE NAVY d/b/a NEX NAVY EXCHANGE, ELIZABETH BIRMAN, and WYATT HILL** | **CIVIL ACTION**<br><br>**NO. 19-5022** |

<u>**MEMORANDUM RE MOTION TO DISMISS**</u>

**Baylson, J.**                                                      **November 12, 2020**

## I.    INTRODUCTION

Plaintiff Gail Johnson filed this action against Richard V. Spencer, Secretary, U.S. Department of the Navy d/b/a NEX Navy Exchange (hereinafter "Navy Exchange"), Elizabeth Birman in her individual capacity, and Wyatt Hill in his individual capacity.  Plaintiff's Second Amended Complaint (Compl., ECF 18) sets out the following four counts under the Family and Medical Leave Act ("FMLA") against Defendants:

1.   **Count I**:  Interference violation of the FMLA, 29 U.S.C. § 2615(b) et. seq. against Defendant Navy Exchange;

2.   **Count II**:  Discrimination/retaliation violation of the FMLA, 29 USC § 2615(b) et. seq. against Defendant Navy Exchange;

3.   **Count III**:  Interference violation of the FMLA, 29 USCA § 2615(b) et. seq. against Defendants Birman and Hill; and

4.   **Count IV**:  Discrimination/retaliation violation of the FMLA, 29 USCA § 2615(b) et. seq. against Defendants Birman and Hill.

Before this Court is Defendants' Motion to Dismiss.  (Def.'s Mot. to Dismiss, ECF 19.)  For the reasons discussed below, the Motion will be granted.

## II.   FACTUAL AND PROCEDURAL HISTORY

The facts as alleged in the Complaint are as follows.  Plaintiff was hired as an Associate at the Navy Exchange in 2003.  (Compl. ¶ 14.)  Wyatt Hill was a District Operations Manager and acting Manager of Defendant's location and Elizabeth Birman was a Branch Exchange Manager. (Compl. ¶¶ 17, 27.)  In 2013, Plaintiff was diagnosed with chronic lymphocytic leukemia ("CLL"). (Compl. ¶ 16.)  According to the Navy Exchange's employee handbook, employees are entitled to leave under the FMLA, and Plaintiff requested leave in 2016 due to her CLL diagnosis.  (Compl. ¶¶ 18, 20.)  Dr. Anthony Mato signed Plaintiff's Healthcare Provider Certification, her request was approved, and on July 6, 2016,[1] Plaintiff utilized her FMLA leave.  (Compl. ¶¶ 21, 22, 26.)

The next day, Defendant Birman told Plaintiff that she was required to provide a doctor's note showing her use of FMLA leave, and if this were not provided, Plaintiff could be disciplined for unauthorized leave.  (Compl. ¶¶ 27, 29.)  Plaintiff informed Defendant Birman that she was not required to provide medical documentation.  (Compl. ¶ 29.)   Defendant Birman responded that Plaintiff would be disciplined for unauthorized leave if she did not provide the medical documents, even if the days were or should have been covered by the FMLA.  (Compl. ¶ 29.)

On July 11, 2016, Plaintiff's physician placed her on medical leave of absence due to her CLL.  (Compl. ¶ 32.)  Defendant Birman informed Plaintiff that she was required to provide medical documentation including the prognosis and diagnosis of her CLL when she returned from leave.  (Compl. ¶ 33.)  Several weeks later, the Assistant Human Resource Manager of the Navy Exchange confirmed to Plaintiff that she was not required to submit medical documentation to Defendant Birman when she utilized her FMLA leave.  (Compl. ¶ 37.)  On August 17, 2016,

---

[1] The Complaint lists this date at July 6, 2017.  The Court believes this is a typo based on the timing of all other events occurring in 2016.

Plaintiff attempted to utilize her FMLA leave, but her request was denied by Defendant Birman. (Compl. ¶ 40.)  Defendant Birman issued a written discipline and suspended her for ten days for allegedly making a transaction error and for inappropriate behavior, an allegation which Plaintiff disputes.  (Compl. ¶ 42, 45.)

On January 28, 2017, Plaintiff underwent surgery to treat her CLL, and a few days later Defendant Birman called Plaintiff and informed her that it was necessary to provide medical documentation for utilizing her FMLA leave.  (Compl. ¶¶ 46-47.)  On February 14, 2017, Defendant Birman notified Plaintiff that she would be suspended for twenty-one days for allegedly not following directions, an allegation which Plaintiff disputes.  (Compl. ¶ 49.)  On February 24, 2017, Plaintiff felt ill due to her CLL and attempted to leave work utilizing her FMLA leave. (Compl. ¶ 50.)  Defendant Birman refused to allow Plaintiff to leave work until she read her twenty-one-day suspension letter.  (Compl. ¶ 51.)  Plaintiff did not return to work following her suspension and alleges that she was constructively discharged.  (Compl. ¶ 52.)

Plaintiff filed a Second Amended Complaint on August 24, 2020.  (Compl., ECF 18.) Defendants filed a Motion to Dismiss (ECF 19), Plaintiff filed a Response in Opposition (ECF 20), and Defendants filed a Reply (ECF 21).

## III.   LEGAL STANDARD

"[T]he absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case."  Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1378 n.4 (2014) (emphasis in original) (quoting Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 642–43 (2002).  So called "statutory standing" "goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case."  Leyse v. Bank

of Am. Nat'l Ass'n, 804 F.3d 316, 320 (3d Cir. 2015).  As a result, the Third Circuit has held that a "dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim," and such an argument should be asserted under Rule 12(b)(6).  Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 73–74 (3d Cir. 2011).  In this case, the issue of whether Plaintiff has a private right of action under the FMLA is more properly considered as a Motion to Dismiss pursuant to Rule 12(b)(6).

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.  Iqbal, 556 U.S. at 678, 684.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678 (citing Twombly, 550 U.S. at 556).

## IV.   PARTIES' CONTENTIONS

### A.  Defendants

Defendants make three arguments.  First, they contend that Plaintiff is not afforded a private right of action under the FMLA because she is designated a Title II employee.  (Def.'s Mot. to Dismiss 4-7, ECF 19.)  Second, even if she does have a right of action, Defendants argue that the FMLA's two-year statute of limitations would bar Plaintiff's claims and that she fails to allege facts that would allow her to avail herself of the three-year statute of limitations for a willful action by an employer.  (Id. at 7-8.)  Finally, Defendants argue that if Plaintiff had brought this claim as a Title VII claim, which she has not, it would be dismissed as untimely.  (Id. at 9.)

### B.  Plaintiff

Plaintiff disputes Defendants' argument that she is a Title II employee under the FMLA. (Pl.'s Resp. to Def.'s Mot. Dismiss 2, ECF 20.)  Further, she argues that even if she is considered a Title II employee under the FMLA, the claims against Defendants Birman and Hill in their individual capacities should proceed.  (Id.)  Plaintiff argues that she is entitled to the FMLA's three-year statute of limitations and that she has properly alleged Defendants willfully violated her FMLA rights.  (Id. at 1-2.)  Finally, Plaintiff points out that Defendants' argument that if she were to have filed Titled VII claims they would need to be dismissed as untimely, is irrelevant.  (Id. at 1.)

### V.   DISCUSSION

### A.  Definition of a Title II Employee

The FMLA creates two categories of employees, Title I employees and Title II employees. Title I only applies to "eligible employees."  29 U.S.C. § 2617(a)(1). The FMLA definition of "eligible employee" specifically excludes "any Federal officer or employee covered under [Title II of the FMLA]."  29 U.S.C. § 2611(2)(B)(i).  Most federal employees are Title II employees. Burg v. U.S. Dept. of Health and Human Services, 387 F. App'x. 237, 240 (3d Cir. 2010).  Further,

the Title II definition of "employee" specifically includes Navy Exchange employees.  5 U.S.C. §

2105(c)(1)(E).  Plaintiff contends that she should not be considered a Title II employee under the

FMLA but provides no legal support for this argument.  (Pl.'s Resp. to Def.'s Mot. Dismiss 2.)  As

a federal employee of a Navy Exchange she is a Title II employee.  5 U.S.C. § 2105(c)(1)(E).

### B.  Private Right of Action under the FMLA

Title I employees are expressly granted an enforcement mechanism against an employer

who violates the FMLA.  These Title I employees are able to "recover the damages or equitable

relief . . . against any employer (including a public agency) in any Federal or State court of

competent jurisdiction."  29 U.S.C. § 2617(a)(2).  No such express right of actions exists for Title

II employees.  5 U.S.C. §§ 6381-87.  Accordingly, Plaintiff, being a Title II employee under the

FMLA, does not have an express private right of action under the FMLA.

Plaintiff also does not have an implied right of action under the FMLA.  The primary focus

for determining whether an implied right of action exists is congressional or legislative intent.  See

Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001);  see also Suter v. Artist M., 503 U.S. 347,

364 (1992).  Legislative intent must be "inferred from the language of the statute, the statutory

structure, or some other source," and if this inference cannot be made then "the essential predicate

for implication of a private remedy simply does not exist."  Lawrence Twp. Bd. of Educ. v. New

Jersey, 417 F.3d 368, 371 (3d Cir. 2005) (citing Thompson v. Thompson, 484 U.S. 174, 179

(1988)).  With respect to the FMLA, "the omission of a provision in Title II similar to that in Title

I creating a private right of action is treated as an affirmative congressional decision that the

employees covered by Title II of the FMLA should not have a right to judicial review of their

FMLA claims."  Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997).  As such, "the absence of an

express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits

for violations of its provisions." Burg, 387 F. App'x. at 240 (citing Russell v. United States Dept. of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999)).  Plaintiff has not cited, and this Court has not found, any precedent or reason to conclude that Burg should not be followed.

Plaintiff argues that even as a Title II employee, her claims against Defendants in their individual capacities should proceed.  (Pl.'s Resp. to Def.'s Mot. Dismiss 2.)  However, Plaintiff has neither an express or implied right of action to bring a lawsuit under the FMLA, either against a government entity or an individual.  The Court must conclude that Plaintiff does not have statutory standing to sue under the FMLA.  Therefore, she cannot bring this lawsuit against Defendants in their official or individual capacities.

As the FMLA does not provide a private right of action, an analysis of Plaintiff's argument regarding the statute of limitations is not necessary.[2]

## VI.    CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be granted.  An appropriate Order follows.

O:\CIVIL 19\19-5022 Johnson v Spencer\19-5022 MTD Memorandum.docx

---

[2]  Plaintiff has not sought leave to amend and bring any other claims.